UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **CRYSTAL IMPORT CORP.**, an Alabama corporation, | Civil No. 05-2527 (DSD / SRN) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| **AVID IDENTIFICATION SYSTEMS, INC.**, a California corporation, and **DIGITAL ANGEL CORP.**, a Minnesota corporation, | |
| Defendants. | |

Steven M. Bauer and Amy Crafts, Proskauer Rose LLP, One International Place, Boston, MA 02110, and David A. Allgeyer and Mark R. Privratsky, Lindquist & Vennum, P.L.L.P., for Plaintiff.

Thomas S. McClenahan, Fish &Richardson P.C., 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402, for Defendant AVID Identification Systems, Inc.; Justice Ericson Lindell, Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402-4629, for Defendant Digital Angel Corp.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Defendants' Motion to Stay (Doc. No. 117). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Defendants argue that the present antitrust action should be stayed pending the resolution of two patent infringement actions between the same parties. For the reasons stated below, the Court recommends that the motion be denied.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Each of the various actions at issue, the present antitrust action and Defendants' patent actions against Plaintiff, concerns radio frequency identification (RFID) technology, which

permits transponding microchips to be read via a compatible reader. Such technology may be used, for example, in products to identify pets by implanting a chip under the animal's skin. The parties compete in the market for such products.

In May 2004, AVID filed a patent infringement action in Texas federal court against Crystal (among others), alleging that certain products manufactured by Crystal infringe several of AVID's RFID chip and RFID chip-reader patents ("the Texas patent action"). That same month, AVID also filed an action in California state court against Crystal's customer Medical Management International, Inc. ("MMI"), alleging unfair competition ("the California unfair competition action"). In October 2004, Digital Angel filed an action in this District against Crystal (and others), alleging infringement of a patent covering a certain type of RFID transponder chip ("the Minnesota patent action," No. 04-CV-4544).

In January 2005, Crystal filed this antitrust action against AVID and Digital Angel in the Northern District of Alabama. Crystal generally claims that AVID and Digital Angel–which sell products that use a different frequency from the ISO-compliant standard used by Crystal–have engaged in illegal business practices intended to exclude Crystal from the relevant market. In October 2005, the Alabama federal court granted AVID's and Digital Angel's motions to transfer the action to this Court.

In October 2006, AVID and Digital Angel moved to stay this antitrust action pending the resolution of the Texas patent action and the Minnesota patent action, arguing that the present action is a collateral attack on those actions (as well as on the California unfair competition action) because Crystal's antitrust claims in this action are allegedly "based in substantial part on" the Texas and Minnesota patent actions. (Mem. at 1-2.) AVID and Digital Angel argue that Crystal filed its antitrust action in Alabama, rather than bringing those claims as counterclaims in

the existing Texas or Minnesota patent actions, knowing that such counterclaims are often stayed pending the resolution of the patent claims. (Id. at 2.) AVID and Digital Angel thus argue that the same reasons for staying such counterclaims–conservation of resources and avoidance of the risk of inconsistent judgments–support staying the present separate action. (Id.)

Since this dispute first arose, AVID has obtained a verdict in the Texas action on its patent infringement claims, with post-trial proceedings remaining. In the Minnesota patent action, the court issued its claims construction order in May 2006. Fact discovery is currently scheduled to end on January 26, 2007, and expert discovery is set to close on March 16, 2007. (Second Amended Pretrial Scheduling Order (Dec. 29, 2006), No. 04-CV-4544.) The California unfair competition action has been settled.

## II. DISCUSSION

### A. Whether To Grant A Stay Is Within This Court's Discretion

This Court possesses the inherent power to stay actions in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Whether to exercise this power is within this Court's discretion. See id. at 254-55 (noting that granting stay requires "the exercise of judgment, which must weigh competing interests and maintain an even balance"). Cf. Fed. R. Civ. P. 42(b) (permitting court to sever and stay counterclaims "in furtherance of convenience or to avoid prejudice, or when [severance] will be conducive to expedition and economy").

### B. "Patent Type" Antitrust Counterclaims in Patent Actions Are Often Stayed Pending Resolution of the Patent Claims

In patent infringement actions, alleged infringers often bring counterclaims alleging "patent type antitrust" violations by the patentee, contending for example that the patentee is

3

attempting to enforce its patent monopoly despite knowingly obtaining it through inequitable conduct.  E.g. In re Innotron, 800 F.2d 1077, 1084 (Fed. Cir. 1986) (distinguishing such claims from "'pure' Sherman Act claims").  Courts often sever such antitrust claims under Rule 42(b) and stay them pending the resolution of the issues of patent validity and infringement, reasoning that resolution of the patent claims could likely preclude the need to address the counterclaims that the patentee has engaged in mere "sham" litigation.  Id.

In such circumstances, a finding of infringement in the patent action "can prove the claims of patent infringement made by the patent owner were not objectively baseless," thereby negating certain types of antitrust claims.  Ecrix Corp. v. Exabyte Corp., 191 F.R.D. 611, 613 (D. Colo. 2000).  Where, for example, the antitrust counterclaims are based on the "assertion that plaintiff committed a fraud upon the United States Patent Office when it obtained its patent," such claims will likely "be decided in the first trial of the patent infringement and patent validity issues," thereby obviating the trial of the antitrust counterclaims.  Carlisle Corp. v. Hayes, 635 F. Supp. 962, 967 (S.D. Cal. 1986).

### C. Crystal's Present Antitrust Action Contains Mostly "Pure" Antitrust Claims

Here, however, AVID and Digital Angel have not shown that the resolution of the Texas and Minnesota patent actions will dispose of or otherwise further the resolution of Crystal's antitrust claims in the present action.  Crystal's claims are essentially so-called "pure" Sherman-Act claims, not the type of antitrust claims usually brought as counterclaims in patent actions, that is, claims for inequitable conduct, tie-ins, and sham litigation.  Cf. In re Innotron, 800 F.2d at 1084 (distinguishing between "two species of antitrust claims"–so-called "'pure' Sherman Act claims" and "'patent type antitrust' claims").

In its Amended Complaint as filed in Alabama federal court, Crystal alleged the

following: (1) Sherman Act Section 2 claims of monopoly, attempted monopoly, and conspiracy to monopolize (Counts 1-4, & 6 ); (2) Sherman Act Section 1 claims of restraint of trade and illegal tying (Counts 5 & 7 ); (3) a Clayton Act Section 3 claim of illegal tying (Count 8); (4) a Lanham Act unfair competition claim (Count 9); (5) a tortious interference claim (Count 10); and (6) a claim for disparagement and trade libel (Count 11). (Am. Compl. ¶¶ 53-139.)

Crystal generally alleged that AVID and Digital Angel excluded Crystal from competing in the market for RFID systems by encrypting its RFID chips so as to be incompatible with the RFID chip readers of other manufacturers such as Crystal. (Id. ¶¶ 2-3.) Crystal alleges that AVID, which holds about 60% of the United States market for RFID chips, has encrypted its chips so that other manufacturer's chip readers, even those that can read chips operating at the frequency AVID uses (rather than the ISO-standard frequency), are rendered useless. (Id. ¶¶ 18-19.) Crystal alleges that AVID refuses to provide the decryption algorithm unless that party agrees not to sell ISO-compliant products. (Id. ¶ 20.) Crystal's complaint includes similar allegations against Digital Angel. (Id. ¶¶ 22-24.)

With minor exception, Crystal's antitrust claims are thus independent of the patent claims of validity and infringement at issue in the Texas and Minnesota patent actions.[1] Although Crystal's Amended Complaint includes tangential references to the two patent actions, at bottom

---

[1] Defendants invoke the doctrine of law of the case, contending that the Alabama federal court has ruled that Crystal's action presents claims of "sham patent litigation." (Mem. at 5-6.) But even assuming that the Alabama court so ruled, that doctrine is discretionary in this context (that it, outside of the context of a district court being bound on remand by an appellate court's rulings), and thus does not strictly bind a district court to its own prior rulings, or necessarily bind a transferee court to the rulings of the transferor court. See Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1070 (8th Cir. 1995). Moreover–as Defendants themselves note in arguing that the Alabama court's denial of a stay is not binding here (Mem. at 9)–the Eighth Circuit has ruled that the doctrine "'is applicable only to final judgments, not to interlocutory orders.'" Williams v. Thomson Corp., 383 F.3d 789, 791 (8th Cir. 2004) (rejecting argument that transfer order bound transferee court) (internal citations omitted).

Crystal's antitrust claims are not centered on the allegation that AVID and Digital Angel are engaging in sham patent litigation.[2]  Accordingly, resolution of those actions–which chiefly allege that some, but not all, of Crystal's products infringe AVID's and Digital Angel's patents–will not dispose of Crystal's present claims.

Moreover, Crystal's counsel offered at oral argument to delete from its Complaint the few references to the patents on which it has been sued in the Texas and Minnesota patent actions, contending that the deletions would in no way change the substance of its antitrust claims.  Insofar as any overlap would remain between this action and the Texas patent action, that patent action is apparently proceeding to a final judgment shortly.  Thus the time to have stayed the present action would seem to have passed.  Finally, although the judgment in the Texas patent action might provide the proper ruling to support a motion for partial summary judgment here based on claim or issue preclusion, it provides no basis to stay the present action.

### D. A Stay Would Likely Prejudice Crystal And Denying A Stay Would Not Prejudice Defendants

In light of the fact that Crystal's claims are not patent-type antitrust claims, most of the remaining arguments in support of a stay fall by the wayside.  No purpose of judicial efficiency and conservation of resources will be served by staying the present action.

Likewise, the interests of the litigants will not be advanced by such a stay.  Because the patent actions will resolve little, if anything, at issue in this antitrust action, Defendants will incur no undue prejudice from this action proceeding concurrent with the resolution of the patent actions.  Defendants will face little duplicative effort in proceeding on both fronts and there is no apparent risk of inconsistent judgments.

---

[2] There apparently has been no attempt to consolidate this action with the Minnesota patent action.

In contrast, granting a stay would unduly prejudice Crystal, which filed this action two years ago alleging that all of its products have been excluded from the relevant market by Defendants' anti-competitive practices. Although there has been much delay already, any fault cannot be attributed to Crystal. Basic principles of securing "the just, speedy and inexpensive determination" of this action weigh against any further delay. See Fed. R. Civ. P. 1.

In sum, there is insufficient basis to halt this action in the hope that the resolution of the others would simplify the issues or otherwise facilitate the efficient resolution of this action.

### III. CONCLUSION

Because the antitrust claims in the present action are pure antitrust claims, not "patent type" antitrust claims, there is no basis for staying the present antitrust action pending the resolution of the patent actions.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to stay (Doc. No. 117) be DENIED subject to the condition that Plaintiff files within 7 days of the date of this Report and Recommendation an amended complaint that deletes all references to Defendants' patent actions.


Dated: January 16, 2007

   s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by January 31, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those

objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.