## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

CRYSTAL IMPORT CORP., an
Alabama corporation,

                    Plaintiff,

    v.

AVID IDENTIFICATION SYSTEMS,
INC., a California corporation, and
DIGITAL ANGEL CORP., a Minnesota
corporation,

                    Defendants.

Civil No. 05-2527 (DSD / SRN)

**REPORT AND RECOMMENDATION**

---

       Thomas F. Pursell and Mark R. Privratsky, Lindquist & Vennum, P.L.L.P., 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, and Steven M. Bauer and Amy Crafts, Proskauer Rose LLP, One International Place, Boston, MA 02110, for Plaintiff.

       Thomas S. McClenahan, Fish & Richardson P.C., 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402, and John W. Thornburgh, Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130, for Defendant AVID Identification Systems, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

       This matter comes before the undersigned United States Magistrate Judge on Defendant AVID Identification System's Renewed Motion to Stay (Doc. No. 184).  This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  Defendant argues that the present antitrust action should be stayed pending the resolution of post-judgment proceedings and any appeal in a separate patent infringement action between the same parties.  For the reasons stated below, the Court recommends that the motion be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

       Each of the various actions at issue, the present antitrust action and Defendants' patent

actions against Plaintiff, concerns radio frequency identification (RFID) technology, which permits transponding microchips to be read via a compatible reader. Such technology may be used, for example, in products to identify pets by implanting a chip under the animal's skin. The parties compete in the market for such products.

In May 2004, AVID filed a patent infringement action in Texas federal court against Crystal (among others) ("the Texas patent action"), alleging that certain products manufactured by Crystal infringe several of AVID's RFID chip and RFID chip-reader patents, including U.S. Patent No. 5,235,326 ("the '326 Patent"). In October 2004, Digital Angel filed an action in this District against Crystal (and others), alleging infringement of a patent covering a certain type of RFID transponder chip ("the Minnesota patent action," No. 04-CV-4544).

In January 2005, Crystal filed this antitrust action against AVID and Digital Angel in the Northern District of Alabama, which subsequently transferred the action to this Court. Crystal generally claimed that AVID and Digital Angel–which sell products that use a different frequency from the ISO-compliant standard used by Crystal–have engaged in illegal business practices intended to exclude Crystal from the relevant market.[1]

In October 2006, AVID and Digital Angel moved to stay this antitrust action pending the resolution of the Texas patent action and the Minnesota patent action, arguing that the present action is a collateral attack on those actions because Crystal's antitrust claims here were allegedly based in substantial part on the Texas and Minnesota patent actions. AVID and Digital Angel thus argued that the same reasons for staying a patent infringement defendant's antitrust counterclaim that alleges that the plaintiff exercised monopoly power through a patent obtained

---

[1] Crystal's claims against Digital Angel were later dismissed pursuant to the parties' stipulation. (Doc. No. 167.)

by inequitable conduct–conservation of resources and avoidance of the risk of inconsistent judgments–support staying the present separate action.

Since this dispute first arose, the parties settled the Minnesota patent action in July 2007 and that action was dismissed with prejudice and on the merits.  (Doc. No. 206 (Order of Dismissal With Prejudice), No. 04-CV-4544.)[2]  In the Texas action, AVID has obtained a jury verdict on its patent infringement claims and in September 2007 the judge ruled that AVID obtained one of the three patents at issue in that action, the '326 Patent, through inequitable conduct by intentionally withholding material information from the U.S. Patent and Trademark Office.  Judgment was entered in March 2008, with post-judgment motions apparently remaining.

Based on the Texas court's inequitable conduct ruling, Crystal moved to amend its Complaint to add a claim "under the Sherman Act, 15 U.S.C. § 2, for *Walker Process* Attempt to Monopolize."  In January 2008, this Court ruled that there was a basis to add a "'patent type antitrust' claim" that AVID has been asserting the fraudulently-procured '326 Patent against Crystal, noting that all of the antitrust claims should be litigated together and that Crystal had shown good cause to add the additional antitrust claim.  (Doc. No. 179.)  Based on the posture of the proceedings at that time, the amendment imposed no unfair prejudice on Defendants.

Avid now renews its motion to stay, contending that the newly-added Walker Process claim warrants a stay of the present action pending the Federal Circuit's resolution of the anticipated appeal of the judgment in the Texas action.

---

[2]  There apparently was no attempt to consolidate this action with the now-resolved Minnesota patent action.

II.     **DISCUSSION**

A.      **Whether To Grant A Stay Is Within This Court's Discretion**

This Court possesses the inherent power to stay actions in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Whether to exercise this power is within this Court's discretion. See id. at 254-55 (noting that granting stay requires "the exercise of judgment, which must weigh competing interests and maintain an even balance"). Cf. Fed. R. Civ. P. 42(b) (permitting court to sever and stay counterclaims "in furtherance of convenience or to avoid prejudice, or when [severance] will be conducive to expedition and economy").

B.      **"Patent Type" Antitrust Counterclaims in Patent Actions Are Often Stayed Pending Resolution of the Patent Claims**

In patent infringement actions, alleged infringers often bring counterclaims alleging "patent type antitrust" violations by the patentee, contending for example that the patentee is attempting to enforce its patent monopoly despite knowingly having obtained it through inequitable conduct. E.g. In re Innotron, 800 F.2d 1077, 1084 (Fed. Cir. 1986) (distinguishing such claims from "'pure' Sherman Act claims"). Courts often sever such antitrust claims under Rule 42(b) and stay them pending the resolution of the issues of patent validity and infringement, reasoning that resolution of the patent claims could likely preclude the need to address the counterclaims that the patentee has engaged in mere "sham" litigation. Id.

In such circumstances, a finding of infringement in the patent action "can prove the claims of patent infringement made by the patent owner were not objectively baseless," thereby negating certain types of antitrust claims. Ecrix Corp. v. Exabyte Corp., 191 F.R.D. 611, 613 (D. Colo. 2000). Where, for example, the antitrust counterclaims are based on the "assertion that

plaintiff committed a fraud upon the United States Patent Office when it obtained its patent," such claims will likely "be decided in the first trial of the patent infringement and patent validity issues," thereby obviating the trial of the antitrust counterclaims.  Carlisle Corp. v. Hayes, 635 F. Supp. 962, 967 (S.D. Cal. 1986).

### C.      Crystal's Present Antitrust Action Contains Mostly "Pure" Antitrust Claims

Here, however, AVID has not shown that the resolution of the appeal of the Texas patent action will dispose of or otherwise further the resolution of all, or even most, of Crystal's antitrust claims in the present action.  With one exception, Crystal's claims are so-called "pure" Sherman-Act claims, not the type of antitrust claims usually brought as counterclaims in patent actions, that is, claims for inequitable conduct, tie-ins, and sham litigation.  Cf. In re Innotron, 800 F.2d at 1084 (distinguishing between "two species of antitrust claims"–so-called "'pure' Sherman Act claims" and "'patent type antitrust' claims").

In its Third Amended Complaint, Crystal alleges the following:  (1) two claims for an illegal monopoly under Section 2 of the Sherman Act (First and Second Claims); (2) two claims for attempted monopolization under Section 2 of the Sherman Act (Third and Fourth Claims); (3) one claim for conspiracy to monopolize under Section 2 of the Sherman Act (Sixth Claim); (4) one claim for an agreement in restraint of trade under Section 1 of the Sherman Act (Fifth Claim); (5) two claims for illegal tying, one under Section 1 of the Sherman Act (Seventh Claim) and one under Section 3 of the Clayton Act (Eighth Claim); (6) one claim for unfair competition under the Lanham Act (Ninth Claim); (7) two claims for business torts, one for tortious interference and one for disparagement / trade libel (Tenth and Eleventh Claims); and, most importantly for present purposes, (8) one claim for a Walker Process type attempt to monopolize

(Twelfth Claim).  (Doc. No. 176.)[3]

With one exception, Crystal's antitrust claims are thus independent of the patent claims at issue in the Texas patent action.  Although Crystal's Third Amended Complaint now includes one patent-type antitrust claim, the remainder of Crystal's antitrust claims are not centered on the allegation that AVID is engaging in sham patent litigation.[4]  While the nature of Crystal's former Complaint, that is, before being amended to add the <u>Walker Process</u> claim, presented an easier case for denying a stay, the recent addition of that claim does not, contrary to AVID's argument (Mem. at 5), dictate a stay now, which remains an issue for this Court's discretion.[5]

Insofar as any overlap exists between this action and the Texas patent action, that patent action has now proceeded to a final judgment.  Thus the time to have stayed the present action, assuming there ever was a valid basis to do so, would seem to have passed.  <u>Cf., e.g.</u>, <u>Baxter Int'l</u>

---

[3]  Thus this is not a situation where "'[m]ost of the antitrust counterclaims . . . are founded upon [the] assertion that [defendant] committed a fraud upon the [PTO] when it obtained its patent'" such that "'trial of <u>most</u> of the antitrust counterclaims may be obviated.'" <u>Carlisle Corp. v. Hayes</u>, 635 F. Supp. 962, 967 (S.D. Cal. 1986) (emphasis added) (quoting <u>Pharmacia AB v. Hybritech, Inc.</u>, 224 U.S.P.Q. 975 (S.D. Cal. 1984)).

[4]  Although AVID contends that even Crystal's pure antitrust claims could be impacted by the final outcome of the Texas patent action (Mem. at 6-7), Crystal argues in response that AVID "has no basis" for any such claim because the Texas action "only involve[d] Crystal's older products, and AVID stipulated that the new products were not part of that case" (Mem. at 11), whereas the present action concerns the effect of AVID's anti-competitive practices on all of Crystal's products (<u>id.</u> at 3).  And while AVID also claims that Crystal's present unfair competition claims are subject to dismissal for being duplicative of those raised in the Texas action but dismissed by the Texas court (Mem. at 7), any such argument is better addressed (at the appropriate time) in a motion for partial summary judgment based on claim preclusion rather than in the present motion to stay.

[5]  Likewise, AVID's argument that this Court "has essentially already granted" AVID's present motion (Mem. at 5) is without merit.  That this Court denied AVID's earlier motion to stay subject to the condition that Crystal delete all references to AVID's patents does not, following this Court's granting of Crystal's motion to add a patent-type antitrust claim, constrain this Court's discretion and compel a granting of AVID's present motion to stay.

Inc. v. Cobe Labs., Inc., 1992 WL 77665 (N.D. Ill. April 7, 1992) (granting stay of patent-type antitrust counterclaim pending resolution of patent validity issues).

AVID contends that it will appeal the final judgment that it engaged in inequitable conduct and expresses a "belief" that it will succeed in that appeal.  (Mem. at 10-15 (devoting several pages to explaining why it believes the Texas court's decision was wrong).)  But this Court is in no position to second guess that judgment and AVID's argument ignores the fact that a judgment is valid unless and until it is reversed or vacated.  See Baxter Int'l Inc., 1992 WL 77665 at *2 (noting that once a judgment of invalidity or unenforceability is entered, there is a good argument that "that decision will be binding in any subsequent litigation, and no repetition or duplication of proof will be necessary").

In any event, the question on appeal relevant to this action is not claims construction, an issue of law subject to de novo review on appeal, but rather inequitable conduct, an issue subject to the district court's discretion and reviewed for an abuse of that discretion.  General Electro Music Corp. v. Samick Music Corp., 19 F.3d 1405, 1408 (Fed. Cir. 1994).  The Federal Circuit "will not disturb that determination absent a showing that it was based upon erroneous finding of facts, a misapplication or misinterpretation of applicable law, or evidences a clear error of judgment."  Id.  Because the issue is equitable in nature, "[t]he disputed issues of fact underlying the issue of inequitable conduct are not jury questions," but rather "are ordinarily for the court to resolve, accompanied by findings of fact in accordance with Rule 52(a)."  Id.  "Although the ultimate determination of whether inequitable conduct occurred is reviewed under the abuse of discretion standard, the question of whether the trial judge correctly found the existence of [the two key] underlying facts is reviewed under the traditional standard for fact finding, the clearly erroneous standard."  Baxter Healthcare Corp. v. Spectramed, Inc., 49 F.3d 1575, 1584 (Fed. Cir.

7

1995).  Such standards do not present AVID with any basis to claim a likelihood of victory on appeal.[6]

### D.    A Stay Would Likely Prejudice Crystal And Denying A Stay Would Not Prejudice AVID

In light of the fact that all but one of Crystal's claims are pure antitrust claims, most of the remaining arguments in support of a stay warrant little discussion.  Little purpose of judicial efficiency and conservation of resources will be served by staying discovery in the present action.

Likewise, the interests of the litigants will not be advanced by such a stay.  Because the appeal in the Texas patent action could resolve at most only one of twelve claims at issue in this antitrust action, Defendant will incur no undue prejudice from discovery in this action proceeding concurrent with that appeal.  Insofar as the parties will re-use the relevant discovery from the Texas action (supplemented as necessary), Defendant will face little duplicative effort in proceeding on both fronts.  And any risk of inconsistent judgments could arise only down the road.[7]

In contrast, granting a stay would unduly prejudice Crystal, which filed this action several years ago alleging that all of its products have been excluded from the relevant market by Defendants' anti-competitive practices.  Although there has been much delay already, any fault

---

[6]  The cases on which AVID relies to the contrary, Medrad, Inc. v. Tyco Healthcare Group LP, 2005 WL 3466038 (W.D. Pa. Dec. 19, 2005) (reasoning that it would be a waste of resources "to litigate an antitrust claim regarding a patent that is currently invalid, but could at some point in the future be deemed valid by an appellate court," and rejecting defendant's argument that "the invalidity ruling could be upheld" by noting that the court has "no way of predicting what the appellate courts will do"), and Smithkline Beecham Corp. v. Apotex Corp., 2004 WL 1615307 (E.D. Pa. July 16, 2004), are thus unpersuasive.

[7]  See infra Section II.E.

cannot be attributed predominantly to Crystal.  Basic principles of securing "the just, speedy and inexpensive determination" of this action weigh against any further delay.  See Fed. R. Civ. P. 1.

In sum, there is insufficient basis to halt this action now in the hope that one possible outcome of an appeal–that the Federal Circuit would reverse or vacate the Texas court's inequitable conduct decision as an abuse of discretion–would simplify the issues or otherwise facilitate the efficient resolution of this action.  This is certainly true at least through the completion of discovery here.

### E.    Leave To Bifurcate Following Discovery

Nevertheless, in light of the possibility, however remote, that such a decision from the Federal Circuit could result in a waste of judicial resources or create the risk of inconsistent judgments, the Court will grant Defendant leave to move–following the completion of discovery–to bifurcate this action and stay the trial of the Walker Process claim if the posture of the appeal of the Texas judgment at that time so warrants.

## III.    CONCLUSIONS

Because eleven of the twelve antitrust claims in the present action are pure antitrust claims, not "patent type" antitrust claims, there is no basis for presently staying this antitrust action pending the appeal of the Texas patent action.  AVID retains, however, the right to move, following the completion of discovery and prior to the commencement of trial, to bifurcate the Walker Process claim from the rest of this action if, at that time, the status of the appeal of the Texas judgment warrants such action.

## IV.    RECOMMENDATIONS

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.      AVID's renewed motion to stay (Doc. No. 184) be DENIED; and

2.      Following completion of discovery and contingent on the status of the appeal of

the Texas judgment at that time, AVID be granted leave to move to bifurcate this action and stay

the <u>Walker Process</u> antitrust claim.


Dated:  April 28, 2008

   s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing
with the Clerk of Court and serving all parties by May 13, 2008, a writing which specifically
identifies those portions of this Report to which objections are made and the basis of those
objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting
party's right to seek review in the Court of Appeals.  This Report and Recommendation does not
constitute an order or judgment of the District Court, and it is therefore not appealable to the
Court of Appeals.